UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA MARIE CHAPA,<br><br>Plaintiff,<br><br>v.<br><br>PLACER COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | No. 2:19-cv-01200-JAM-KJN PS<br><br>ORDER |

Plaintiff Alexandra Marie Chapa, who proceeds without counsel in this action, requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

LEGAL STANDARDS

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had

2

a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

DISCUSSION

In this case, plaintiff alleges that several deputy sheriffs and correctional officers committed "aggressive assault and battery, aggravated sexual contact, indecent exposure/viewing, 8th Amendment violation, civil rights violation with cruel and unusual punishment, and negligence towards [her], an American with disabilities" when arresting plaintiff and detaining her in the county jail. (ECF No. 1 at 10.)

Plaintiff purports to brings these claims pursuant to 10 U.S.C. §§ 898, 920, 920c, and 928. (ECF No. 1 at 3.) These code sections are part of the Uniform Code of Military Justice, which generally applies to persons who are members of the armed forces, not private citizens or non-military government actors. See 10 U.S.C. § 802. Plaintiff has not alleged how the Uniform Code of Military Justice applies to any of the named defendants. By the nature of the allegations, it is apparent that, in connection with the events at issue, each individually named defendant acted in his or her capacity as a deputy sheriff or correctional officer—not as a member of the armed forces.

Plaintiff also cites to 42 U.S.C. § 12133. (ECF No. 1 at 3.) It appears that plaintiff is seeking to enforce Title II of the Americans with Disabilities Act ("ADA"), which states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. However, in order to state a claim under Title II of the ADA, a plaintiff must allege:

3

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Here, plaintiff's complaint fails to plead any of these elements. While the Ninth Circuit has held that Title II covers arrests, the Supreme Court has yet to decide this issue. See Sheehan v. City & Cty. of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part, cert. dismissed in part sub nom. City & Cty. of San Francisco, Calif. v. Sheehan, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015). Even assuming that the factual circumstances here qualify for the protections of Title II, plaintiff has fundamentally failed to plead that defendants acted by reason of plaintiff's disability.

Liberally construed, plaintiff may also be attempting to state a claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). While the complaint includes an off-hand and conclusory reference to the Eighth Amendment, plaintiff has not provided even a threadbare recital of the elements any cognizable 1983 claim. See Iqbal, 556 U.S. at 678.

Therefore, plaintiff's complaint does not state a cognizable federal claim sufficient to invoke the court's federal question jurisdiction. Furthermore, there is no diversity of citizenship jurisdiction, because plaintiff and defendants are all citizens of California. For these reasons, the complaint is subject to dismissal.

Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim under 42 U.S.C. §§ 1983 or 12132, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First

Amended Complaint" and shall cure the jurisdictional deficiencies identified above. Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff concludes that she is unable to cure such federal jurisdictional deficiencies, she may instead elect to file an action in state court.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of the date of this order, plaintiff shall file a first amended complaint in accordance with this order. Alternatively, if plaintiff no longer wishes to pursue this action in federal court, plaintiff shall file a notice of voluntary dismissal of the action without prejudice within 28 days of the date of this order.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal without prejudice by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 19, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

im/chapa.1200.IFP dwlta

5