UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDRA MARIE CHAPA,

Plaintiff,

v.

KEVIN BRADY, et al.,

Defendants.

No. 2:19-cv-01200-JAM-KJN (PS)

ORDER

Plaintiff Alexandra Chapa, who is proceeding without counsel in this action, requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915,[1] which was granted. (ECF Nos. 2, 3.) However, plaintiff's complaint was dismissed with leave to amend. (ECF No. 3.) Subsequently, plaintiff filed her first amended complaint. (ECF No. 4.)

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Liberally construed, plaintiff's complaint asserts claims pursuant to 42 U.S.C. § 1983 for violations of the United States Constitution based on allegations that Placer County Sheriffs unreasonably seized plaintiff on June 28, 2018, and correction officers mistreated plaintiff on August 13, 2018.

Based on the limited record before the court, the court cannot conclude that plaintiff's action is frivolous, that the complaint fails to state a claim on which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant. The court reserves decision as to plaintiff's claim until the record is sufficiently developed, meaning this order does not preclude any defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the court orders service of the complaint on the named defendants.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Service of the amended complaint (ECF No. 4) is appropriate for the named defendants.

2. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

3. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

4. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the amended complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

d. A copy of this court's scheduling order and related documents for each defendant to be served.

5. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

6. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.

7. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

8. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

9. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 10, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Chapa.1200