UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA MARIE CHAPA, | No. 2:19-cv-01200-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| PLACER COUNTY SHERRIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff commenced this action on June 28, 2019. On October 10, 2019, after plaintiff filed her First Amended Complaint, the court ordered plaintiff to provide the Marshal's office documents needed to effectuate service on the named defendants. (ECF No. 5.) The court ordered plaintiff to provide these documents within 30 days. (Id.) Also on October 10, 2019, the court set a status (pre-trial scheduling) conference in this matter to be held on February 20, 2020, at 10:00 a.m. before the undersigned. (ECF No. 6.) Seven days prior to the conference plaintiff was ordered to provide the court with a brief status report. (Id.)

At the February 20, 2020 status (pre-trial scheduling) conference, plaintiff failed to appear and also failed to file anything with the court. No defendant appeared either, presumably because they had not been served, as there is no indication on the docket that plaintiff has provided the Marshal's office with the required documents.

////

1

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). A district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

This court's Local Rules are in accord. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. L.R. 183(a).

Based on the foregoing, it is apparent that plaintiff has failed to comply with clear orders from this court—to appear at the status (pre-trial scheduling) conference, to provide the Marshal

with documents required to effectuate service, and to provide the court with a brief report. Plaintiff has similarly failed to prosecute her case at this juncture.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of this order, plaintiff shall show cause in writing why sanctions should not be imposed for her failure to comply with this court's orders and her failure to prosecute her case.

2. Plaintiff's failure to file the required response shall constitute an additional ground for, and plaintiff's consent to, the imposition of appropriate sanctions, including a potential recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

Dated: March 3, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chapa.1200