UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA MARIE CHAPA, | No. 2:19-cv-01200-JAM-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PLACER COUNTY SHERIFF'S DEPARTMENT et al., | AND ORDER STAYING THE CASE |
| Defendants. | |

Plaintiff commenced this action on June 28, 2019. On October 10, 2019, after plaintiff filed her First Amended Complaint, the court ordered plaintiff to provide the Marshal's office documents needed to effectuate service on the named defendants. (ECF No. 5.) The court directed plaintiff to provide these documents within 30 days. (Id.) Also on October 10, 2019, the court set a status (pre-trial scheduling) conference in this matter to be held on February 20, 2020, at 10:00 a.m., before the undersigned. (ECF No. 6.) Seven days prior to the conference plaintiff was ordered to provide the court with a brief status report. (Id.)

At the February 20, 2020 status (pre-trial scheduling) conference, plaintiff failed to appear and also failed to file anything with the court. No defendant appeared either, presumably because they had not been served, as there is no indication on the docket that plaintiff has provided the Marshal's office with the required documents. On March 3, 2020, due to plaintiff's failure to follow court orders and failure to prosecute this matter, this court ordered plaintiff to show cause,

1

in writing, why this case should not be dismissed. (ECF No. 9.)

Following the court's order to show cause plaintiff filed two documents with the court, however, these filings do not show cause as to why dismissal is inappropriate. (See ECF Nos. 10, 11.) Her first document, entitled "Power of Attorney" states, in part: "To insure my safety I lien my body back to the United States Government with a percent of interest that will be further discussed." (ECF No. 10.) Plaintiff's second filing, entitled "Non-Disclosure" appears to be an order signed by plaintiff directing this court to send her documents and for individuals to be cordial. (ECF No. 11.) Accordingly, plaintiff has failed to address why she has not followed court orders and why she has failed to prosecute this matter, and therefore has failed to show cause as to why this matter should not be dismissed.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this matter has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare a defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic remedies. The court, cognizant of plaintiff's pro se status, clearly cautioned plaintiff regarding the potential consequences of any continued failure to comply with the court's orders. The court directed plaintiff to address why she had not followed court orders (ECF No. 9), however, even after this order, plaintiff has failed to adequately respond and failed to prosecute her case.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to

prosecute this case and comply with court orders that precludes a resolution on the merits.

Therefore, after carefully evaluating the <u>Ferdik</u> factors, the court concludes that dismissal is appropriate.

**ORDER AND FINDINGS AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations.  With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

IT IS SO ORDERED AND RECOMMENDED.

Dated:  April 1, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chapa.F&R

4